COSTS.

See Case No. 18,282.

---

## Case No. 18,282.

COSTS AND FEES.

[1 N. B. R. 24; [1] Bankr. Reg. Supp. 6; 6 Int. Rev. Rec. 53.]

District Court, D. Wisconsin.

BANKRUPTCY — COSTS, FEES, AND DISBURSEMENTS.

Semble, 1. That a regular taxation by the clerk should be made of all the fees and disbursements in each bankrupt case.

2. The sum of $50, deposited with the clerk, is not a fund in court for general distribution among creditors, but is to be disbursed under the supervision of the court.

3. The sum, or such portion of it as may be necessary, may be appropriated to the register in the first place.

4. Where a bankrupt is relieved by order of the court from further payment of fees, the $50 deposit will be distributed pro rata to the register, clerk, and marshal.

5. Printers' fees are chargeable according to the United States fee bill.

MILLER, District Judge. The subject of costs and fees for services, under the act to establish a uniform system of bankruptcy throughout the United States, approved March 2, 1867, being brought up almost daily, I have prepared the following for the consideration of persons interested: Section 47 of the act relates exclusively to the subject of costs and fees. The section is so unskilfully drawn as to cause uncertainty in its construction. In the first place it provides: "That in each case there shall be allowed and paid, in addition to the fees of the clerk of the court, as now established by law, or as may be established by general order, under the provisions of this act, the following fees, which shall be applied to the payment for the services of the registers." The fees of the clerk of the court are here allowed as now established by law,—that is, by the general fee bill for similar services, or as

[1] [Reprinted from 1 N. B. R. 24, by permission.]

30 Fed.Cas.—67

may be established by general order, under the provisions of this act. Then follows a specification of fees, "which shall be applied to the payment for the services of the registers." Following the specification of the register's fees is the provision, "Such fees (that is, the register's fees) shall have priority of payment over all other claims out of the estate, and before a warrant issues, the petitioner shall deposit with the senior register of the court, or with the clerk (by rule 30 of the General Orders in Bankruptcy, with the clerk), to be delivered to the register, $50 as security for the payment thereof. And if there are not sufficient assets for the payment of the fees, the person upon whose petition the warrant is issued shall pay the same, and the court may issue an execution against him to compel the payment to the register." It is here provided that the register's fees shall have priority of payment out of the estate. Then $50 shall be deposited with the clerk of the court, to be delivered to the register as security for the payment of his fees, and the petitioner is rendered liable to an execution on the part of the register in case of deficiency of assets for the payment of his fees. It is apparent that the compensation of the register is abundantly secured. The clerk and marshal do not appear to be so well provided for. The 47th section further provides that, "before any dividend is ordered, the assignee shall pay out of the estate to the messenger (that is, the marshal) the following fees, and no more," as there specified. And "for cause shown, and upon hearing thereon, such further allowance may be made as the court in its discretion may determine." I presume this is in reference to the marshal's fees alone. The section concludes with this provision: "The enumeration of the foregoing fees (that is, all the fees enumerated) shall not prevent the judges (of the supreme court), who shall frame general rules and orders in accordance with the provisions of section 10 from prescribing a tariff of fees for all other services, of the officers of courts of bankruptcy, or from reducing the fees prescribed in this section in classes of cases to be named in the rules and orders." The act classes registers with clerks and marshals as officers of the courts. In pursuance of said last provision of the section, the judges ordered, by rule 30, that additional fees should be allowed clerks and registers for services not enumerated in the act. And by rule 29 it is ordered that "the fees of the register, marshal, and clerk shall be paid or secured in all cases before they shall be compelled to perform the duties required of them by the parties requiring such service." The fees of the register, as before seen, are to be secured by a deposit of $50 with the clerk; but there being no security provided for in the law for the payment of the fees of clerks and marshals, no doubt, induced the judges to adopt rule 29.

It is claimed that registers are entitled to be paid in advance the $50 directed to be deposited with the clerk in each case. The act does not direct the manner or the time of disbursing the $50. but expressly directs the deposit to be made for the security of the register's compensation. In a great majority of cases register's fees cannot approximate the sum of $50. Where there is no estate for distribution, there will be but few, if any, debts proven, and no meeting of creditors to appoint assignees, and no examination of the bankrupt. The appointment of an assignee and subsequent proceedings will be mere matters of form. The legislature did not contemplate that registers should be paid in advance the whole amount of $50, in cases where, by the fee bill, not half, or, probably, not the quarter, of that sum could be earned. Rule 12 orders that "every register shall keep an accurate account of his traveling and incidental expenses, and those of any clerk or other officer attending him in the performance of his duties, in any case or number of cases

which may be referred to him, and shall make return of the same under oath. with proper vouchers (where vouchers can be procured), on the first Tuesday in each month; and the marshal shall make his return under oath, of his actual and necessary expenses in the services of any warrants addressed to him, and for custody of property, publication of notices, and other services," &c. If the $50 were payable to the register, or any part of it, in advance of services performed, this rule would be unnecessary, unless to enable him to have execution or an order for payment out of the estate, for excess of fees over the $50.

In pursuance of the concluding sentence of section 47, that the enumeration of the foregoing fees shall not prevent the judges from reducing the fees prescribed in this section in classes of cases to be named in their rules and orders, by rule 30 the following order is made: "In cases where the debtor has no means, and makes proof to the satisfaction of the court that he is unable to pay the costs prescribed by the act and these orders, the judge, in his discretion, may direct that the fees and costs therein shall not exceed the sum of (fifty dollars) required by the act to be deposited with the clerk." This rule is a reduction of fees, and contemplates a distribution of the sum deposited with the clerk amongst the register, marshal, and clerk; otherwise, the marshal might be required to advance money to pay for advertisements, notices, and postage, and he and the clerk might be compelled to perform their official duties without compensation. I think the law and the orders contemplate a regular taxation of all the fees and disbursements in each case by the clerk, under the direction and control of the court or judge. The sum deposited with the clerk as security for register's fees, or such portion as may be necessary, will, in ordinary cases, be appropriated, upon such taxation, to the register, in the first place. In cases where a bankrupt is relieved by order of the court from making further payment of fees, the $50 will be distributed pro rata to the register, marshal, and clerk. In ordinary cases any surplus of the $50 will be ordered returned to the party, as applicable to any unpaid fees of marshal or clerk. The sum of $50 is not a sum in court, but is deposited with the clerk, an officer of the court, where it will remain until disbursed under the supervision of the court. This is not a fund in court for general distribution amongst creditors. By rule 29 "the court may order the whole or such portions of the fees and costs to be paid out of the fund in court in such cases as shall seem just. Upon a taxation of the costs and fees, after a final discharge or decree in any case, the court may order the whole or a portion thereof advanced by the party to be paid or refunded out of the fund made of the estate, which is required to be paid into court and deposited in a bank according to the rules." Printers' fees are chargeable according to the United States fee bill.